## ANDREWS v. FREE et al.

No. 2677.   Decided February 3, 1915 (146 Pac. 555).

1. MASTER AND SERVANT—SAFE PLACE TO WORK—QUESTION FOR COURT. Whether a master is under duty to furnish the servant a safe place to work is for the court. (Page 508.)

2. APPEAL AND ERROR—OBJECTIONS IN LOWER COURT—REQUEST FOR ACTION OF COURT. Failure of the court to withdraw the case from the jury on the ground that the evidence showed that the master was under no duty to furnish a safe place to work is not reviewable, where the only request made in the lower court was a motion for nonsuit on other grounds. (Page 508.)

3. MASTER AND SERVANT—INJURIES TO SERVANT—INSTRUCTIONS. An instruction that the master owes the servant the duty to furnish a safe place to work, the breach of which duty renders the master liable to the servant, is not erroneous as directing a verdict for plaintiff, especially where such is not the case in view of the whole charge. (Page 509.)

4. MASTER AND SERVANT—ASSUMPTION OF RISK—CONTRACTS. It is implied from a contract of employment that the servant assumes the ordinary risks of the employment. (Page 510.)

5. MASTER AND SERVANT—ASSUMPTION OF RISK—UNUSUAL DANGER. *Prima facie* the servant does not assume the risk of unusual danger, but he may waive the master's breach of duty and assume the risk, and such assumption and waiver need not be shown by express agreement. (Page 510.)

6. MASTER AND SERVANT—ASSUMPTION OF RISK—UNUSUAL DANGER —PRESUMPTION. A servant does not as a matter of law assume the risk of an unusual danger merely from continuing in the work with a knowledge of the danger, as appreciation is an element to be considered. (Page 510.)

7. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK—INSTRUCTIONS. In an action for injuries to a miner, caused by the fall of a large rock which bounded and struck plaintiff twelve feet away, a requested instruction that, though defendant did not furnish a safe place to work, plaintiff could not recover if he knew the dangerous condition and continued work with such knowledge, is too broad and general. (Page 510.)

8. APPEAL AND ERROR—OBJECTIONS IN LOWER COURT—ARGUMENT OF COUNSEL. Argument of counsel, in a personal injury action, that it would not make five cents difference whether judgment went for or against defendant, in absence of request for action by the court to strike, to require retraction, or warn the jury, cannot be reviewed unless so flagrantly improper that no ruling could have cured the harm. (Page 512.)

9. APPEAL AND ERROR—HARMLESS ERROR—ARGUMENT OF COUNSEL. Where, in an action for personal injuries, plaintiff, to show relation of master and servant, put in evidence an indemnity policy, and showed that the insurer was notified of the accident, and the court properly restricted the evidence to that issue, argument of counsel that it would make no difference whether judgment went for or against defendant, though improper, was not so harmful as to be reviewable in absence of any request for action of the court to strike, etc., as it would not be presumed that jury acted on what counsel said and disregarded the instruction of the court. (Page 512.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Nicholas Andrews against J. S. Free and E. A. Taylor, partners doing business under the firm name of Free & Taylor.

Judgment for plaintiff. Defendants appeal.

AFFIRMED.

*King & Nibley* and *P. T. Farnsworth, Jr.,* for appellants.

*A. C. Hatch* and *E. A. Walton* for respondent.

STRAUP, C. J.

The plaintiff brought this action to recover damages for an alleged personal injury. In the complaint it is alleged that he was in the employ of the defendants, working underground, as a miner and mucker in a mining and drain tunnel. The negligence charged is a failure to furnish him a safe place to work. The particulars charged are that a loose rock weighing about 200 pounds was suffered and permitted to be unsupported and hanging from the side of the tunnel, which fell and struck him. The answer put in issue all the allegations of the complaint, including that of employment, and presented issues of contributory negligence, assumption of risk, and fellow service. The case was tried to the court and jury. The plaintiff adduced his evidence and rested. The defendants offered no evidence. A verdict and judgment resulted in favor of the plaintiff, from which the defendants appeal.

All the issues presented by the complaint and the answer were submitted to the jury. Among others, the court gave this charge:

"(11) It is the duty of the master to use ordinary care to provide a reasonably safe place for the servant to do the work which he is engaged to perform, and, if a servant is injured by reason of a failure to use such care, the breach of such duty is negligence for which the master is responsible to the servant."

"(15) You are instructed that the duty imposed by the law upon a master to use ordinary care to furnish a reasonably safe place for the servant to work in is a positive duty owing by the master to the servant and is nondelegable; that is to say, that the master cannot relieve himself from the obligations resulting from a failure to perform said duty by leaving the same to be performed by some other person or

servant, and the master must see to it, at his peril, that such duty is performed.''

Complaint is made of it. No complaint is made as to a want of evidence to support the allegations of employment. There is testimony to show a relation of master and servant. What is urged against the first charge is that it ''is not applicable to the facts in this case and being possible of misconstruction,'' and that ''the doctrine of safe place is not involved in this case under the uncontradicted evidence''; against the second, ''not applicable to the facts and is misleading, in this, it appears that the place in question was by its very nature dangerous and not a safe place, and the very purpose of the work being to make a dangerous place safe.''

This is not a place where a servant was creating a place to work, or temporarily changing or rendering one unsafe by the ordinary prosecution of his work, or attempting to make a dangerous or unsafe place safe. The evidence does not disclose that the plaintiff was discharging or had cast on him any such duties. **1, 2** The point sought to be presented lies deeper than that attempted to be raised on the exception to the charge. It goes to the question of whether the plaintiff, as to the issue of the master's duty to furnish the plaintiff a safe place to work, was entitled to go to the jury. If the defendants are right in their contention, then should the case have been withheld from the jury; for the actionable negligence is predicated on an alleged failure of the defendants to furnish him a safe place to work. Whether a duty was or was not imposed on the defendants as a master to furnish a safe place to work was for the court. If, on the undisputed evidence as is argued, no such duty was imposed, then should the case have been withheld? But to impute error to the court in such particular required a motion or request on that ground to so withhold the case. No such motion was interposed. True, a motion was made for a nonsuit which was overruled. But look at the grounds. They are: (1) That the negligence which caused the injury was that of a fellow servant; (2) that the plaintiff assumed the risk; (3) want of evidence to show that the defendants ''were the mas-

ter of the plaintiff''; (4) want of evidence to show "that ordinary care and diligence was not used in respect to providing the plaintiff a safe place to work,'' and that the evidence disclosed ''that all the care and precaution that should have been taken under all the circumstances of the case was taken.'' As to these, the court held that there was evidence to let the case to the jury. No complaint is made of that. No error is assigned as to the overruling of the motion for nonsuit, and no complaint whatever made as to the court's action sending the case to the jury. But complaint is now made that the charge is bad, because the subject charged on is not involved. As well say a charge is bad because the court had no jurisdiction. When the court resolved the questions presented by the motion for a non-suit against the defendants, which ruling is not complained of and until it is assailed and presented for review must be presumed was properly made, then does it follow that it was proper to charge on the questions or subjects involved in the charge? The point is analogous to a complaint made of a charge on negligence, on the ground that there was no evidence to support the allegations of negligence.

The law stated in the charge is not questioned, except that stated in the latter portion of No. 11, "the breach of such duty is negligence for which the master is responsible to the servant.'' It is claimed this was equivalent to    **3** a direction of a verdict for the plaintiff. We do not think that, even considered by itself; and certainly no such thought or inference is permissible upon a consideration of the whole charge. We are of the opinion that the exceptions are ill-founded.

The defendants requested this:

''(1) Even should you find from the evidence in this case that the place where plaintiff was working at the time of his injuries was an unsafe place of work, and that his employer failed to use ordinary care to make said place of work safe, the plaintiff cannot recover in this action if you further find that the plaintiff knew of its dangerous condition, and with such knowledge continued to work there.''

''(4) Should you find from the evidence in this case that prior to his alleged injuries the plaintiff had notice that the

rock which caused said injuries was loose or likely to fall, and that after such notice he went into the ditch to the point where he was injured, your verdict must be in favor of Free & Taylor and against the plaintiff.''

The rock did not fall directly on the plaintiff. It fell upon a track in the tunnel, and from there bounded into a ditch about twelve feet away and to the side of the track where the plaintiff was at work, and there struck him. **4, 5, 6, 7** The court in substance gave the second request. It charged that, if the plaintiff knew the place ''was a dangerous place from which rock might fall so as to injure plaintiff, your verdict must be in favor of Free & Taylor and against the plaintiff.'' It refused the first. We think rightly, for it is too broad and general. It is, though the place ''was an unsafe place to work,'' and though the plaintiff's ''employer failed to use ordinary care to make the said place of work safe,'' yet the plaintiff could not recover if he ''knew of its dangerous condition and with such knowledge continued to work there.'' Now, there are instances where the servant assumes even the risk of injury from dangers created by his master's negligence, but not on the broad ground stated in the request. It is so worded as to state a principle that, if a servant has mere knowledge of a dangerous condition created by the master's negligence, he, by continuing work, assumes all risk of injury and is barred recovery. It is a wholesome rule that a servant assumes the ordinary and usual risks incident to his employment. That is assumed and implied by his contract of employment. But by that contract it also is as fully implied that the master will furnish a safe place to work and safe instrumentalities with which to do the work. The master may be at fault and not live up to his contract in such particular; and by his negligence may expose his servant to abnormal, unnecessary, and unusual dangers. *Prima facie*, the servant does not assume those. They are not assumed by his contract of employment. He, however, may waive that breach of duty on the part of the master, and take upon himself an assumption of such risks, and thus release the master from the consequences of his negligence. Such assumption and waiver

need not be shown by an express agreement. It may be inferred from the acts and conduct of the parties.

It, however, as matter of law, is not presumable from mere knowledge alone of the defect or danger created by the master's negligence and the servant's continuing in the work. There are further elements entering into it, the servant's comprehension and appreciation of the risk to which he was exposed. From knowledge of the existence of certain abnormal conditions, considered in connection with the facts and circumstances of the case, the servant's comprehension and appreciation of the risk and danger, and a waiver on his part, may, of course, be inferred, and in some instances, on undisputed evidence, may be conclusively presumed. It, however, will not be so presumed on the broad and general hypothesis stated in the request. 3 Labatt, Mas. & Serv. (2d Ed.) p. 3214. As there stated, plaintiff's knowledge "of its dangerous condition" and continuing work barred recovery. Knowledge of what "dangerous condition"? Knowledge "that the place where plaintiff was working was an unsafe place to work." But in what respect? The request implies in any respect. The charged danger, alleged to have been created by the master's negligence and to which the plaintiff was exposed and which caused his injury, was the master's failure to support or take down a large, loose, hanging rock. What knowledge had he of that, not necessarily of the particular rock which fell, but of the condition of the roof and sides of the tunnel as to rock or ground likely to fall or cave, and what appreciation had he that by continuing his work he likely or probably would receive injury by rock or earth falling and striking him? He, at the time of the injury, was not, nor did the work performed by him require him to be, under the rock. He was working in a ditch about twelve feet away. Though he may have known, notwithstanding his testimony that he did not know, that the rock was loose and likely to fall, still he may not have appreciated that he, twelve feet away, working in the ditch, was exposed to risk of injury from such source. But, had the request been given, that would not have made any difference, for the jury would have been bound to find that the plaintiff had waived his

master's breach of duty and had released him from all con-
sequences of such negligence, if they but found that he,
with knowledge that the place was dangerous and unsafe in
any respect, continued with his work. We think the request
was properly refused.

Further complaint is made of misconduct of one of plain-
tiff's counsel in his closing argument to the jury. The rec-
ord, as to that, recites:

"During the closing argument for plaintiff by Judge
Hatch, he made a statement, in substance as follows: 'We
submit under the evidence in this case that it will
not make 5 cents difference to Free & Taylor whether      8, 9
there is a judgment in this case of no cause of action
or whether there is a judgment against Free & Taylor for
the full amount prayed for.' ($1,999.00.) Counsel for De-
fendant: 'I desire to note an exception to the remark of
counsel.' The Court: 'Counsel for the defendant may have
an exception to the remark.' Counsel for Defendant: 'As
misconduct of counsel.' "

No other objection was made. The court's action was not
invoked to require a retraction, to strike the remark, to warn
the jury to disregard it, or to make any ruling. Because of
that nothing reviewable is presented, unless it may be said
that the remark was so flagrantly improper and harmful
that no ruling could have cured the harm done. On the face
of it, the remark looks innocent enough and harmless. It
is claimed to be improper and prejudicial because of this:
With other testimony to support the allegation in the com-
plaint as to the relation of master and servant and the em-
ployment of the plaintiff by the defendants, the plaintiff
also put in evidence a policy of indemnity insurance issued
to the defendants, by the terms of which they were insured
against loss (not exceeding $5,000 for any one injury) from
the liability imposed by law upon the insured for damages
on account of bodily injuries accidently suffered by any em-
ploye of the insured in the prosecution of the work in ques-
tion, and testimony that the defendants, in pursuance of the
policy, reported the accident and plaintiff's injury, to the
insurer, and when the summons in this action was served on

the defendants that it was sent by them to the insurer, who sent it to its local counsel, who defended the action. There is no assignment, and no question raised as to the admissibility of this evidence. What is claimed to be improper and harmful by the remark is that, in view of the insurance, neither a verdict for the plaintiff nor for the defendants could harm them, for a verdict and judgment for the plaintiff, not exceeding $5,000, would ultimately be the insurer's obligation as a guarantor. That is a fair meaning of the remark. We think it was improper. Counsel had a right to refer to the evidence and to argue upon it as to the purpose for which it was admitted, to show a relation of master and servant between the defendants and the plaintiff. He had no right to use it, as he did, for another purpose. But we think the court took care of it. The court charged the jury:

"You are instructed that the insurance policy which has been received in evidence in this case was by the court admitted in evidence and can be by you considered for one purpose only, to-wit, as a matter to be considered by you, for whatever you may deem it worth, in determining the question of whether or not the defendants Free & Taylor were the masters of the plaintiff at the time of his alleged injuries for which he is now seeking recovery in this action."

"You are instructed that the insurance company is not a party to this action, and in arriving at your verdict in this case you should not speculate relative to whether or not said insurance company has or may have an interest in the outcome of this case. The only persons whose liability can be determined in this case are the defendants Free & Taylor."

The evidence was such that without warning, as was done, the jury might make, as did counsel, an improper and unauthorized use of the evidence. It, however, is not to be presumed, in the face of the charge, that the jury rejected what the court told them, and accepted what counsel said. Were we to act on presumptions of that kind and base reversals upon them, we would hardly affirm anything.

The judgment of the court below is therefore affirmed, with costs.

FRICK and McCARTY, JJ., concur.