## STATE v. ANDERSON

No. 4419.   Decided November 23, 1926.   (251 P. 362.)

*J. H. Erickson,* of Richfield, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

GIDEON, C. J.

The defendant was convicted of grand larceny. He ap-

peals. This is a second appeal in this case. The testimony taken at the second trial was substantially the same as at the first. The opinion on the former appeal is reported in 65 Utah, 415, 237 P. 941. The facts out of which the prosecution grew will be found stated in that opinion. It is not therefore deemed necessary to restate them here.

Five errors are assigned. We shall consider them in the order of their assignment.

The ruling of the court in permitting the testimony of one Johnny Zahara to be read to the jury is assigned as error. This witness had testified at the first trial. His testimony was transcribed in the bill of exceptions used on the former appeal. It was conceded by appellant that, at the time of the second trial, Mr. Zahara was beyond the jurisdiction of the court and was in the state of Nevada. The objection to the reading of his testimony to the jury is based upon the claim of the appellant that the sheriff did not use reasonable diligence in his efforts to subpoena the witness while he was within the jurisdiction of the court. If that objection were a valid reason for excluding the reading of the testimony of an absent witness, the facts shown do not establish failure on the part of the sheriff to use reasonable diligence to locate and subpoena this witness while within the jurisdiction of the court. The right of the state or of the defense in criminal trials to have read to the jury the testimony of a witness given at a former hearing or trial is not, however, controlled by any diligence or lack of diligence on the part of the sheriff to subpoena the absent witness. The right to read to the jury the testimony of an absent witness apparently is controlled by the fact that the witness is either no longer alive or is without the jurisdiction of the court unless it is made to appear that the party desiring to read the evidence has wrongfully caused the witness to be out of the jurisdiction of the court. That seems to be the clear intent of the statute. Comp. Laws Utah 1917, § 9277.

The further claim is made that the provisions of that section are in conflict with section 12 of article 1 of the state Constitution. The ruling of this court in *State v. Greene*, 38 Utah, 389, 115 P. 181, is contrary to the contention of appellant in that regard.

The information charges appellant with the commission of grand larceny on the 30th day of August, 1922, by unlawfully taking 86 head of sheep from the herd of R. W. Sevy and others. It appears from the testimony that Mr. Lynn Christensen had been at or about the sheep camp of appellant much of the time during the summer of 1922. One of the witnesses for the state was permitted to testify that he had seen, on or about August 10, 1922, this Mr. Christensen at or near the herd of sheep from which it is claimed appellant took the sheep. This testimony was objected to by appellant, and the ruling of the court permitting the testimony is assigned as error. The particular testimony objected to, as it appears in the bill of exceptions, is:

"Q. Do you know Lynn Christensen? A. Yes, sir.
"Q. Did you see anybody in the timber by your sheep that day? A. Yes, sir.
"Q. Who? A. Lynn Christensen."

If it be conceded that that testimony is immaterial, we are wholly unable to see how or in what way it can be said to have been prejudicial to appellant, much less so perjudicial as to work a reversal of the judgment.

Some statements or comment by the district attorney in argument to the jury is assigned as error. It does not appear that the appellant asked the court to require counsel to withdraw the remarks or to instruct the jury to disregard the same. It appears from the record that counsel for appellant asked that the statements of counsel for the state be taken down by the reporter, and he excepted to the ruling of the court that the district attorney

had the right to make the statements. The court thereupon inquired of the district attorney what statements he had made, and, after the district attorney had replied, the court simply directed them to proceed. No further exception was taken to the remarks whatever, nor was the court asked to direct the withdrawal of the remarks, nor was the court asked to instruct the jury to disregard the remarks. In the absence of some such request on the part of the complaining party, the remarks of counsel are not reviewable by this court. *Andrews v. Free et al.*, 45 Utah, 505, 146 P. 555; *Perrin v. Union Pacific R. R. Co.*, 59 Utah, 1, 201 P. 405.

Prejudicial error is also claimed in that the court permitted the district attorney, in his cross-examination of appellant, to direct the appellant's attention to ■ certain evidence given by a witness for the state; namely, Chester Oleson. The appellant, just prior to the evidence objected to, and during his cross-examination by the district attorney, was asked this question:

"Q. I will ask you whether or not the ears of the sheep that you marked at that time were still bloody when you later branded them on August 16th?"

The answer of apellant was, "Yes, sir." The district attorney then proceeded to ask the questions claimed to be objectionable. The questions and their answers are:

"Q. You heard the evidence of the ranger the other day, didn't you? A. Yes, sir.
"Q. And you heard him state that he didn't observe that the ears were bloody and that there were no new marks and brands in the herd? A. I don't remember.
Q. Mr. Anderson, if he did state on the witness stand that he didn't observe any fresh marks or brands on the herd that day, then he was mistaken, was he? A. Yes, sir."

Conceding that it is not proper to ask a witness, either on direct or cross-examination, to measure the testimony

of other witnesses or the credibility of another witness, still, in view of the whole record in this case, the questions asked and the answers given could, in no way, be prejudicial to appellant.

The last and fifth assignment of error is the denial of a motion for a new trial. One of the grounds alleged for new trial was that the evidence was insufficient to justify the verdict of the jury. In other words, it is claimed that the testimony failed to prove or establish that a larceny had been committed. The evidence at the second trial was substantially the same as at the first trial. We held on the former appeal, that, while the evidence was not very conclusive that there had been a felonious taking of the sheep by appellant, nevertheless, the evidence was sufficient to justify the court in refusing to take the case from the jury. That holding of this court was the law of the case and binding upon the district court, where the testimony upon the new trial was the same as on the former trial.

Lastly, it is contended with some seriousness that the court should have granted a new trial by reason of the fact that it is claimed that one of the jurors had been asleep during the progress of the trial at various times. Affidavits of persons present in the courtroom, during the trial, were filed in support of this claim of the appellant. The juror also filed an affidavit. The court in passing upon the motion for new trial, made a finding that the juror had not slept during the taking of testimony in the case. We are not disposed to disturb that finding. Whether the mere fact of a juror falling asleep during the trial would justify the court in granting a new trial is not, therefore, before the court, and upon that we express no opinion.

We find no reversible error in the record. The judgment of the district court is affirmed.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.