EMERY v. PRUDENTIAL INS. CO. OF AMERICA.

No. 5704. Decided May 11, 1936. (57 P. [2d] 747.)

Rehearing Denied November 12, 1936.

*K. C. Tanner,* of Portland, Or., and *Paul E. Reimann, Richard S. Johnson,* and *Clarence F. Williams,* all of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for respondent.

MOFFAT, Justice.

Eva W. Emery, plaintiff and appellant, brought this action to recover as beneficiary under a policy of life insurance issued September 8, 1930, on the life of Walter W. Pettit. The insured was the son of the beneficiary. The policy was a twenty-year endowment in the sum of $1,000 payable to his mother in the event of the death of the insured.

A monthly premium of $4.22, payable in advance, was required to keep the insurance in force. The policy provided that "premium payments to be recognized by the company must be entered at the time of payment in the premium receipt book belonging with this policy." This book showed that twenty-four monthly premiums had been paid. Plaintiff alleged that twenty-nine monthly premiums had been paid. This issue was submitted to the jury under an instruction which stated that before plaintiff could recover she must prove that at least twenty-eight monthly premiums had been paid. The correctness of this instruction is not questioned. The instruction was requested by plaintiff. The issue of fact upon which this case must be determined is whether twenty-eight premiums had been paid. This issue determined adverse to the plaintiff is fatal to her cause. It was fairly submitted to the jury and a general verdict in favor of defendant was returned, and, also, in answer to a direct question, a special verdict was returned specifically finding that no premiums had been paid on the policy except those recorded in the premium receipt book.

Appellant contends that the general and special verdicts were contrary to the law and the evidence. Other contentions are presented: (1) That the admission by answer that the three policies (which will hereinafter be referred to) surrendered to defendant, which had certain surrender values, imposed upon defendant the duty to explain the disposition or application of the cash surrender values of these policies, it being appellant's contention that the proceeds from such policies were applied in payment of premiums.

It is manifest that this is but a subsidiary question to the main question of the payment of premiums. (2) That "denial of liability prior to suit precluded interrogation of witnesses concerning failure of plaintiff to file formal proof of death or failure to make formal claim with local officers."

The cases cited by appellant relate to the proposition "that, where the insurer unconditionally denies all liability under the policy sued on, he waives the condition in the policy requiring proofs of death." *Moran* v. *Knights of Columbus*, 46 Utah 397, 409, 151 P. 353, 357, and cases there cited. Waiver of notice of proof of death by denial of liability is a different matter from precluding the examination of witnesses as to why such proof was not furnished for the purpose of showing motive or to test the credibility of a witness. The cases are not in point, and the evidence was properly admitted on the issue of the payment of premiums.

(3) Appellant urges that counsel for respondent, during argument in the trial court, made "unwarranted remarks" that were prejudicial when counsel stated, "I asked her (the plaintiff) to bring the premium receipt books on the two and she didn't bring them in." This remark was objected to. Some explanations were made. The reason for the receipt books not being in court was partly explained. The jury had the opportunity to hear the explanation as the record discloses the matter was discussed in the presence of the jury. Remarks that might cause prejudice or be a basis for prejudicial inferences or which tend to discredit or cast reflections upon a party should be avoided unless the evidence warrants the drawing of such conclusions. The court and counsel participated in the remarks which followed the statement by plaintiff's counsel, "I object to that." No other or further objection was made. No action on the part of the court was invoked by plaintiff to require a retraction, to strike the remark, or to admonish the jury to disregard it, nor was the court requested to make a ruling thereon. This is not sufficient to bring the matter here for review.

As stated, however, in the case of *Andrews* v. *Free,* 45 Utah 505, 146 P. 555, 558, "On the face of it, the remark looks innocent enough and harmless." From the point of view of counsel for defendant, at the time the remark was made, it was a simple fact. The difficulty with the situation was that all parties knew of the request to produce the receipt books, but nothing further was revealed until the remark by counsel and the explanation which followed. Even if properly here, any basis for the innuendo contended for is lacking in the record, and even if the remark was prejudicial, no request was made to the court for an admonition or caution to the jury, leaving the appellant in such position that she is now precluded from claiming prejudice. *Workman* v. *Henrie,* 71 Utah 400, 266 P. 1033, 58 A. L. R. 1346.

(4) Appellant argues a number of assignments under the heading: "Where a Policy Contains Specific Provisions for Forfeiture by the Insurer, the Policy Does Not Terminate Nor Become Void Until the Insurer Employs Appropriate Methods for Forfeiture." Counsel for appellant disregards or fails to distinguish two fundamental matters provided in the policy. One is the lapse of the policy for failure to pay the monthly premiums. The other is the forfeiture of the policy for failure to repay a loan in the event a loan has been made by the company to the insured.

The policy comes into existence and continues to remain a binding contract only upon the consideration of the payment of the monthly premiums of $4.22 payable on delivery of the policy and a like amount on or before the 8th day of each month thereafter. Failure to pay as thus provided would work a lapse of the policy. It is provided in the policy also that if the policy be continued in force, the insured may borrow from the insurer on the security of the policy and by assignment of the policy to the insurer for such purpose. The amount of the loan is limited to the cash surrender value. Failure to repay the indebtedness or the interest, it is provided, shall not avoid the policy unless the total in-

debtedness equals or exceeds the loan value at the time of failure. The provision relating to payment of premiums and the repayment of a loan are distinct provisions. Failure to pay premiums would lapse the policy whether the loan equaled or exceeded the cash surrender value or whether or not there was a loan, subject to the automatic extended insurance clause, which, in the event of a lapse for non-payment of premiums, provides for a paid-up term policy to continue in force from the date to which premiums have been paid for such term as the cash surrender value of the policy, increased by dividend additions standing to the credit of the policy, reduced by any indebtedness against the policy, will purchase at single premium term rates. The loan against the policy having substantially consumed the cash surrender value, and there being no dividend accumulations, the insured having applied the full amount of the loan to the payment of premiums, of necessity the policy lapsed upon default of payment of premiums. The forfeiture clause for nonpayment of a loan has no application in this case. The contention that the policy did not lapse for nonpayment of premiums because the insurer had not proceeded to forfeit the policy for nonpayment of the loan is untenable.

(5) Lastly, it is contended that the general and special verdicts were contrary to the law and the evidence. This brings us to the proposition first stated. The record discloses that at the conclusion of the trial plaintiff interposed a motion requesting the court to direct the jury to find a verdict in her favor. A like motion had been made on the part of the defendant, for a directed verdict in its favor. When the trial court suggested that the two motions might result in requiring the court to withdraw the case from the jury, counsel for plaintiff promptly withdrew his motion and requested the court to submit the cause to the jury. The case was thereupon submitted to the jury. Plaintiff requested and the court accordingly instructed the jury as follows:

"In order for plaintiff to recover in this action, you must find from the evidence that there were not only premiums paid on the policy for

twenty-four months as claimed by defendant, but in addition thereto that not less than four additional premiums were paid by the insured and plaintiff; and if you find from the preponderance of the evidence that not less than 28 monthly premiums were paid, then you will find in favor of the plaintiff in the sum of $945.78 with interest thereon at the rate of eight per cent per annum from and since the 20th day of February, 1934, to date of your verdict, which interest would amount to $68.94, which would make a total of principal and interest in the sum and amount of $1,014.72."

Had there been no other instruction given, the issue is so clearly and definitely stated that it would be difficult to more emphatically present the situation. To the above, the court added two special questions upon the request of defendant. They were:

"Question: (1) Were any premiums paid on the policy sued upon that are not credited in the receipt book? Answer: No. Question: (2) If you answer the above interrogatory 'Yes,' state how many premiums of $4.22 each were paid that were not credited in the premium receipt book."

No answer was given by the jury to the second question. Having answered the first question "No," it was unnecessary to answer the second question as the only answer that could be given consistent with the first answer would of necessity have been "None."

No good purpose could be served by reviewing the evidence in detail. The simple statement of the situation reveals one of two situations. Either there was a conflict in the evidence or there was no evidence contrary to the record made by the policy receipt book. The premium receipt book was received in evidence. It contains a record of twenty-four monthly premium payments. Among other things relating to the payment of premiums, it contains the following language, "Premiums * * * to be recognized by the company must be entered at the time of payment in this premium receipt book," which is the same language as found in the policy itself.

Plaintiff claimed to be entitled to a credit for four additional premiums claimed to have been paid in cash, and

several additional ones from funds from the surrender of three other policies. Defendant admitted the surrender of the policies, but claimed the cash for the surrender of the policies, was paid as shown by receipts submitted and received in evidence. Without question there was a conflict in the evidence. The issue was fairly submitted to the jury upon the conflicting evidence, and verdicts were rendered as above indicated. Under the circumstances, it remains only to affirm the judgment.

Such is the order, respondent to recover costs.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.