## LEPASIOTES v. DINSDALE et al.

No. 7655. Decided March 25, 1952. (242 P. 2d 297.)

See 48 C. J. S., Judges, sec. 94. Disqualification of judge, waiver of. 30 Am. Jur., Judges, secs. 95, 96; 57 A. L. R. 292.

*George M. Mason,* Brigham City, for appellants.

*Dobbs & Dobbs,* Ogden, for respondent.

PER CURIAM.

Appeal from a judgment of the trial court, sitting without a jury, awarding damages and fixing a boundary line in a trespass action, in which both parties raised a boundary line question. Without pointing out any specific errors relied on, defendants maintain that on the whole record the trial court erred in admitting undesignated testimony and in failing to grant a motion to dismiss. And also that the trial judge was biased and prejudiced. From an examination of the voluminous record, it appears that there is evidence amply to sustain the findings and decree, even though the court evinced a somewhat hostile attitude towards defendants and their counsel.

As to any prejudicial error claimed, none of the many rulings on admission of evidence was assigned specifically on appeal as constituting prejudicial error, so that any decision thereon would require discussion of all objections,—no one of which plaintiff has had an opportunity to meet in her brief because of such non-designation. Therefore, we feel constrained not to review those matters which plaintiff cannot defend against because not called to attention by her opponents.

As to the failure of the trial court to disqualify himself in response to an affidavit of prejudice filed by defendants, assigned as ground for reversal on appeal, it is to be noted

that such affidavit was filed after the trial had commenced, and its contents had to do with matters alleged to have existed long before the trial and a statement by the court during the trial. Under these circumstances, the filing of such affidavit was untimely and hence Rule 63(b), U. R. C. P., was not violated. This is particularly true in view of the fact that the evidence supported the decree regardless of any statements made by the court. This does not imply that had the affidavit been timely made a decree adverse to the party who claimed prejudice would nevertheless be sustained if there was evidence to support it. There may be cases where under the evidence no conclusion could be reached other than against the party who claims prejudice. In such cases, we could hold that prejudice, if any, could not have been in any part responsible for the judgment. But in other cases where two or more views or interpretations of the evidence or the credibility or lack of credibility accorded to witnesses might turn the case one way or the other, there is present the possibility that the prejudice of the judge, if any, could have influenced his judgment. In such cases we might, if the affidavit were timely filed or even if it were not, desire to reverse the case in order to avoid any possibility that prejudice influenced the decision.

Judgment affirmed with costs to respondent.