485 P.2d 1398

**STATE of Utah, Plaintiff and Respondent,**

v.

**Gary Fred WINGER, Defendant and Appellant.**

**No. 12314.**

Supreme Court of Utah.

June 14, 1971.

Philip C. Pugsley, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction, upon a jury verdict, of grand larceny. He

was sentenced to an indeterminate term in the Utah State Prison. The judgment of the trial court is affirmed.

Sometime during the night of August 5, 1970, a colored television set was taken from the residence of Clinton Betts of Pleasant Grove, Utah. Mrs. Robinson, a neighbor of the Betts, observed a noisy, light or white 1963 Ford in the vicinity; she observed one man and heard the conversation of others whom she could not see. Sam, Mrs. Robinson's son, observed two men and the car from his window. Neither witness could make a positive identification.

The next day, defendant Winger and defendant Paul Biggs were allegedly requested by a person Biggs identified as Steve Villiard to deliver a televsion set. Biggs testified that they went to Villiard's home and put the television set in the trunk of Biggs' vehicle and proceeded, according to instructions, to a suburban shopping center, where they met a Mr. Bartlett and a Mr. Roderick. All four men then proceeded to Mr. Bartlett's home, where the set was delivered. Defendant Winger bargained with Mr. Bartlett and finally sold the set for $220 cash. Winger drove a white 1963 Ford. The television set purchased by Bartlett was subsequently identified as the property of the Betts, with a value in excess of $50.

Mr. Roderick testified that he had contacted a man named Steve at a service station and that Steve had asked him if he knew anyone who needed a colored television set, since he had a friend who was interested in selling one. Mr. Roderick responded that his friend Mr. Bartlett wanted such a set. Subsequently, Steve telephoned Roderick and arranged the meeting in the shopping center parking lot.

Based on the foregoing evidence, the jury rendered a verdict of guilty. At the trial defendant Biggs testified. Defendant Winger, the appellant herein, did not.

Defendant urges that the evidence was inadequate to support his conviction under Sec. 76–38–1, U.C.A. 1953, in that the State did not establish that defendant took the television set but merely proved that defendant had possession of a recently stolen object.

Section 76–38–1, U.C.A.1953, provides:

Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation shall be deemed prima facie evidence of guilt.

In State v. Gellatly,[1] this court stated that under Sec. 76–38–1, the State need not present any direct proof identifying de-

---

1. 22 Utah 2d 149, 151, 449 P.2d 903 (1969).

fendant as the theif or directly connecting him with a felonious taking or asportation, for the legislature has deemed possession of recently stolen property without a satisfactory explanation as sufficient to support a conviction.

Defendant further asserts that the provision in Sec. 76–38–1, that unexplained possession of recently stolen property constitutes prima facie evidence of guilt, is unconstitutional. Defendant reasons that if the accused asserts his constitutional right to remain silent, he will have failed to provide a satisfactory explanation, and his mere possession will be deemed sufficient evidence to support a conviction. In connection with this argument, he further contends that this statute reverses the constitutional presumption of innocence and shifts the burden of proof from the State to the accused.

In State v. Gellatly,[2] this court quoted and cited with approval the following from State v. Kinsey, 77 Utah 348, 352, 295 P. 247, 249 (1931):

"\* \* \* Possession of articles recently stolen, when coupled with circumstances of hiding or concealing them or of disposing or attempting to dispose of them, or of making false or unreasonable or unsatisfactory explanations of the possession, may be sufficient to connect the possessor with the commission of the offense. *But mere or bare possession when not coupled with other culpatory or incriminating circumstances, does not alone suffice to justify a conviction.* \* \* \*" [Emphasis added.]

In the Gellatly case, this court explained that it was incumbent upon the State to prove not only the larceny and recent possession but the failure to make a satisfactory explanation of possession. The term "prima facie evidence" used in the statute means that there arises an inference of guilt that the defendant committed the larceny; this inference may be considered with all the other circumstances by the jury in its determination of whether the defendant is guilty beyond a reasonable doubt.

In the instant action, there were sufficient facts upon which the jury could find beyond a reasonable doubt, that the television set had been recently stolen, that defendant had possession thereof, asserting dominion, bargaining over the sale price, and completing the sale and receiving the proceeds therefrom, and that in light of these incriminating circumstances, he proffered no satisfactory explanation as to his possession.

Finally defendant contends that it constituted prejudicial error for the prosecutor to comment, during his summation, about defendant's failure to testify and to

2. Note 1, supra.

elicit from his co-defendant testimony that the defendants made no statement to the arresting officer. Defendant urges that the foregoing constituted a violation of his constitutional right to remain silent under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 12, of the Constitution of Utah.

No objection was asserted during the cross-examination of co-defendant Biggs, when the matter of the accuseds' failure to make a statement to the arresting officer was revealed. Defense counsel did not request any admonitory instructions concerning the alleged errors. Neither did counsel take exception to the remarks of the prosecutor nor request the court to direct the remarks be withdrawn. No motion for mistrial or a new trial was made predicated on these errors. The trial court had no opportunity to rule on this matter and correct any of the alleged errors. This is a court of review, which will not, in the absence of exceptional circumstances, not apparent here, rule on a matter which is raised for the first time on appeal.[3]

The judgment of the trial court is affirmed.

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.

3. State v. Anderson, 68 Utah 551, 554-555, 251 P. 362, 363 (1926); State v. Peterson, 121 Utah 229, 236, 240 P.2d 504 (1952).