489 P.2d 436

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Benton Brian KEITH, Defendant and Appellant.**

**No. 12029.**

Supreme Court of Utah.

Oct. 1, 1971.

Joel M. Allred, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was accused in the District Court of San Juan County with having raped Larina Nakai Yazzie. The issues were tried to a jury on January 19, 1970, and the jury returned a verdict of guilty. The court thereafter sentenced the defendant to serve the statutory term in the Utah State Prison. The defendant is here seeking a reversal of his conviction and sentence.

On September 22, 1969, Larina Nakai Yazzie went from Blanding to Monticello accompanied by Mrs. Jean Jones. After visiting a clinic the prosecutrix rejoined Jean Jones and together they went to a tavern where the defendant, Benton Brian Keith, was drinking and shooting pool. The women requested that the defendant give them a ride to Blanding and after some urging he agreed to do so. The party which consisted of the defendant, the prosecutrix, Jean Jones, Betty Jones Phillips, a daughter of Jean Jones, and Al Bylilly, a brother-in-law of the defendant, left Monticello in the defendant's automobile between the hours of 5:30 and 6:00 p. m. After a stop at the Devil's Canyon Campground they arrived at Blanding at approximately 7:00 p. m. and proceeded to a spot near the city dump approximately one mile west of Blanding. Prior to leaving Monticello the party had stopped at the liquor store where members of the party purchased two or more bottles of wine. After arriving at the area west of Blanding, Jean Jones, Betty Jones Phillips and Al Bylilly left the automobile taking one of the bottles of wine with them. The prosecutrix remained in the vehicle with the defendant.

The prosecutrix testified that after she and the defendant were left alone in the automobile the defendant made improper advances and that she left the automobile and attempted to hide from the defendant. The prosecutrix further testified that the defendant found her and struck her numerous blows on the face and body, and that even though she attempted to fight him off with all her strength she lost consciousness and when she regained it, defendant was having sexual intercourse with her. After a second episode of unconsciousness, Mrs. Yazzie awoke long enough to observe the defendant putting on his trousers. Sometime later, Mrs. Yazzie found herself back at the automobile without being aware of how she had gotten there. She left the

automobile and attempted to hide a second time but she was again located by the defendant who kicked and choked her so that she lost consciousness again. Upon regaining consciousness the defendant was engaged in a second act of sexual intercourse with her.

The prosecutrix testified that she walked to her home which was approximately one mile away but that the door was locked and she was unable to awaken her son. She went to the home of a neighbor, Wesley Oshley. She remained there from 3:00 a. m. until 5:00 a. m. when she returned to her home, when she advised her son as to what had happened. At 7:50 a. m. the police were notified and shortly thereafter Dr. Lamar Gibbons, a physician who had treated the prosecutrix on other occasions, arrived at the home.

Dr. Gibbons examined the prosecutrix on his arrival at the home and during the trial he testified as to his findings. Dr. Gibbons testified that the prosecutrix's left eye was black. Her nose was bleeding. Her right breast was bruised. Her arms were both scratched. She had little bruises all over her body. She had a large scratch bruise between her shoulder blades; a large blood clot in her left cheek, swollen almost enough to close her eye. Both of her legs were scratched and bruised. Her pants had been torn out at the bottom and were covered with dirt. A microscopic examination of a swab of her vagina revealed the presence of sperm cells. Dr. Gibbons also testified that he did not detect any odor of alcohol during his examination of the prosecutrix, nor did he detect any other evidence that she had been under the influence of intoxicating liquor.

The Chief of Police of Blanding and a Deputy Sheriff of San Juan County accompanied the prosecutrix to the scene of the alleged offense and there she pointed out to them the spot where she claimed the altercations with the defendant occurred. At the scene the officers discovered in separate places the shoes allegedly worn by the prosecutrix during the previous night. The officers testified that they found evidence of a struggle having taken place in each of the areas pointed out to them by the prosecutrix. The officers made plaster casts of heel prints found at the scene which they stated matched those of the shoes worn by the defendant at the time of his arrest and during his incarceration in the County Jail.

The defendant testified on his own behalf and during the course of his testimony he stated that he did not have intercourse with the prosecutrix nor did he force his attentions upon her. He stated that during the course of the trip from Monticello to Blanding on the evening in question that he, the prosecutrix and other members of the party consumed a considerable amount of wine; that at the scene where the crime allegedly occurred the prosecutrix had be-

come intoxicated and she left the automobile, and that he struggled with her in preventing her from wandering away in the darkness and returning her to the safety of the automobile. Defendant further testified that the prosecutrix left the automobile a second time and again he searched her out and returned her to the automobile after a second struggle had ensued. The defendant stated that after he returned Mrs. Yazzie to the automobile the second time he drove her to her home in Blanding.

It is the defendant's contention that the testimony of the prosecutrix is so sketchy, improbable, and contradictory that without more adequate corroboration than appears in the record it is mandatory that the court reverse the conviction.

■ The trial court charged the jury on the following language:

A charge such as that made against the defendant in this case is one, which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore, I charge you that the law requires that you examine the testimony of the prosecuting witness with caution.

It would seem that this instruction was sufficient to inform the jury as to how they should consider and weigh the testimony of the prosecutrix. While the testimony is not without conflict we are of the opinion that the evidence taken as a whole is sufficient to support the verdict and the judgment of the court.[1]

■ The defendant further claims that the trial court erred in admitting certain evidence, principally that given by the officers pertaining to the shoes found at the alleged scene of the crime and the plaster cast made of certain shoe prints at the scene. The defendant argues that such testimony was not sufficiently connected to the defendant or the crime charged as to be admissible. The record reveals that the defendant did not object to the evidence during the trial.[2] The defendant further complains that the testimony of the prosecutrix and other witnesses which was adduced through the aid of an interpreter was not correctly and accurately interpreted. The record does not disclose that this matter was called to the attention of the court below nor is there any showing that the translation of the testimony was inaccurate.[3]

1. State v. Roberts, 91 Utah 117, 63 P.2d 584; State v. Hodges, 14 Utah 2d 197, 381 P.2d 81; State v. Bayes, 47 Utah 474, 155 P. 335.

2. State v. Anderson, 68 Utah 551, 251 P. 363.

3. State v. Winger, 26 Utah 2d 118, 485 P.2d 1398.

After a careful consideration of the entire record in this matter, we find no errors of sufficient gravity to warrant a reversal. The verdict and judgment of the court below are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.