504 P.2d 1018

Patsy LUND, Plaintiff and Respondent,

v.

Bill G. MILLER, Defendant and Appellant.

No. 12778.

Supreme Court of Utah.

Dec. 26, 1972.

Lambertus Jansen, Midvale, for defendant-appellant.

David E. Yocum, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a money judgment in a non-jury trial, for money advanced allegedly on an oral contract to aid defendant in perfecting a patent, which money was payable back with labor and material in building a carport, which project failed to materialize, the work and materials thereupon to be used to finish three basement rooms, which project also did not materialize. The

**58**

judgment required the refund, less a small amount determined to be the value of part performance, and such judgment was based on vagueness of the oral contract. Affirmed with costs to plaintiff.

Defendant says the court 1) erred in determining the oral contract to be unenforceably vague, 2) that plaintiff prevented performance, and that anyway 3) the trial court's conduct prevented a fair trial. Defendant points to nothing in the record to support the first two points above, but simply says "the court made no determination as to what was indefinite." The onus is on the appellant here affirmatively to point out what was definite.[1] Although this was not done, an examination of the record reflects evidence sufficient to support the judgment.

As to 3): The record reflects a degree of irritation and discomfort on the part of the trial judge which did not appear to be directed to anyone except, perhaps some pharmaceutical outfit whose elixir failed to live up to its insistence that its ingredients were instant death to discomfiture.

CALLISTER, C. J., and TUCKETT, and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.

---

1. Lepasiotes v. Dinsdale, 121 Utah 359, 242 P.2d 297 (1952).