**STATE of Utah, Plaintiff and Respondent,**

v.

**Phillip FRANCIS, Defendant and Appellant.**

**No. 17627.**

Supreme Court of Utah.

Dec. 29, 1981.

David L. Wilkinson, Atty. Gen., Salt Lake City, for the State.

Roger A. Flores, Ogden, for Francis.

1.  In violation of U.C.A., 1953, 76–6–202.

**PER CURIAM:**

This case was tried to the court without a jury, resulting in a burglary conviction.[1]

Four points are urged on appeal which can be merged in one: That defendant's confession was involuntary and coerced prior to any *Miranda* warning and also thereafter.

The facts favorable to the conviction briefly stated are as follows:

On April 30, 1980, a house in Washington Terrace, Weber County, was burglarized. The defendant, before being questioned, was given the *Miranda* warning, and said he understood his rights under such statement by the questioning police officer. He refused a polygraph test, and did not confess, but discussed his activities at the time of the alleged burglary and left. About 30 minutes after he left, the police received a call from an undisclosed person saying a package for one of the interrogating officers, Mr. Jensen of Washington Terrace, could be obtained in a described garbage bin. It was found and proved to contain articles taken from the house that had been burglarized. On being approached two days later, defendant again protested any knowledge of the burglary. A week later, defendant voluntarily returned and talked with the officers. One told him he would try to work something out with the county attorney, if defendant would cooperate. Defendant responded that he had nothing further to say. The officer testified that he promised the defendant nothing and made no threats. Defendant did not confess at that time.

About 6 months later, defendant was picked up by one of the officers (Afuvai) and questioned about an Ogden City case. After receiving the routine *Miranda* warning, defendant told the officer that he was aware of his rights. Afuvai promised to drop 3 other Ogden charges, but promised nothing in exchange for a confession of the Washington Terrace burglary.

Defendant confessed to the Ogden charge, after which Afuvai questioned him about the Washington Terrace burglary. Thereafter, defendant confessed the burglary and admitted having left the package in the garbage bin. The officer conceded that he may have raised his voice, but the atmosphere was peaceful and there were no threats. Defendant at no time made any effort to stop talking about the burglary. The defendant disputed some of the officer's testimony and said Afuvai threatened him by saying, "You're causing me to lose my composure." About a week later, defendant again confessed to officer Jensen of the Washington Terrace police force.

In the above scenario of disputed facts, the trial court held that defendant sufficiently was advised of his *Miranda* rights before being questioned, that he understood such rights and voluntarily submitted to questioning. The court also held that defendant confessed without any promise of any kind in exchange therefor and did so without any undue influence or threat.

The defendant's brief on appeal recites facts favorable only to the defendant's contention of promise and/or intimidation. Not once was a reference made to the record to support the recitation of facts. This circumstance also would justify this Court in a refusal to review the case.[2]

In any event, affirmance is dictated by accepted principles of appellate review which favor the correctness of decisions of the arbiter of the facts where based upon substantial, competent evidence.

Affirmed.

STEWART, J., concurs in the result.

---

2. *Lepasiotes v. Dinsdale*, 121 Utah 359, 242   P.2d 297 (1952).