STATE of Utah, Plaintiff and Respondent,

v.

Kerry J. TUCKER, Defendant and Appellant.

No. 17944.

Supreme Court of Utah.

Dec. 29, 1982.

---

1. 30 Utah 2d 386, 518 P.2d 683 (1974).

2. See U.C.A., 1953, § 78–39–17.

James A. Valdez, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

From a conviction by the court sitting without a jury, of aggravated sexual assault,[1] defendant appeals on the ground that the victim's identification was inaccurate and prompted by a police officer's unfair photograph "lineup," suggesting inducement of such identification. He contends that there was insufficient evidence to convict him, and that the "array" of pictures in the photographic lineup was "suggestive" to the point of denying him due process of law, which resulted in an unwarranted conviction.

The claim that a police officer unfairly set up a "suggestive" array of pictures to induce the victim erroneously to identify the defendant as the rapist, is without merit. Although the victim was unable to assist in drawing an accurate composite of her attacker's facial features, she did accurately describe such things as defendant's height, weight, hair, mustache, and clothing. When shown a fair array of five photographs, the victim very quickly chose defendant as being her assailant.

The trial court summed up the evidence, including that as to identification, as follows:

I have to view this evidence as to whether or not Kathy's positive identification of this man is such as to convince me beyond a reasonable doubt that he perpetrated the crime. Looking at the factors I have mentioned of what took place, or her identification of him, of her quick identification of his photograph when it was shown to her, her positive identification of him as being the man that perpetrated the crime, leaves me to believe beyond a reasonable doubt that he was in fact the one that did it and I therefore find him guilty of the crime as charged.

From the record before us, we are convinced that there was nothing improper or suggestive as to the identification procedure.[2]

As to the claim of insufficiency of evidence, there is nothing in the defendant's brief that is other than a controversion or a different analysis of the facts as found by the court. Under familiar rules of appellate review, we are constrained to affirm the trial court, viewing the evidence in a light favorable to the court's decision.[3]

A separate and independent basis for the affirmance of the trial court is that

---

**1.** In violation of U.C.A., 1953, § 76–5–405.

**2.** See State v. Malmrose, Utah, 649 P.2d 56 (1982); State v. Perry, 27 Utah 2d 48, 492 P.2d 1349 (1972); State v. Wettstein, 28 Utah 2d 295, 501 P.2d 1084 (1972); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

**3.** State v. Gorlick, Utah, 605 P.2d 761 (1979).

the defendant failed to refer to any portion of the record that factually supports his contentions on appeal. This Court will assume the correctness of the judgment below if counsel on appeal does not comply with the requirements of Rule 75(p)(2)(2)(d), Utah Rules of Civil Procedure, as to making a concise statement of facts and citation of the pages in the record where they are supported.[4]

The judgment is affirmed.

**4.** *Lepasiotes v. Dinsdale,* 121 Utah 359, 242    P.2d 297 (1952).