**STATE of Utah, Plaintiff and Respondent,**

v.

**Reynold STEGGELL, Defendant and Appellant.**

**No. 18280.**

Supreme Court of Utah.

March 11, 1983.

---

**6.** See, *e.g.*, U.C.A., 1953, § 35–1–69.

C. DeMont Judd, Jr., Ogden, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendant was convicted by a jury of aggravated robbery in violation of U.C.A., 1953, § 76–6–302, and of being a habitual criminal in violation of U.C.A., 1953, §§ 76–8–1001 & –1002. On appeal, he seeks reversal and dismissal or, in the alternative, a new trial. The defendant advances four points on appeal, claiming that the trial court erred (1) in permitting the introduction of a tape recording of a conversation between a witness and the prosecutor without an adequate cautionary instruction to the jury; (2) in permitting the prosecution to impeach its own witness; (3) in its instruction to the jury regarding accomplices; and (4) in prejudicially "commenting" on the testimony of a witness.

■ With respect to the first three points set forth above, the defendant's brief contains absolutely no references to the trial record or transcript to support his factual allegations. In *State v. Tucker,* Utah, 657 P.2d 755 (1982), this Court stated:

This Court will assume the correctness of the judgment below if counsel on appeal does not comply with the requirements of Rule 75(p)(2)(2)(d), Utah Rules of Civil Procedure, as to making a concise statement of facts and citation of the pages in the record where they are supported.

*Id.,* at 757 (citing *Lepasiotes v. Dinsdale,* 121 Utah 359, 242 P.2d 297 (1952)). *See also, e.g., State v. Wulffenstein,* Utah, 657 P.2d 289 (1982). In accordance with the rule set forth in *State v. Tucker,* we will assume the correctness of the trial court's judgment.[1]

■ The only remaining issue is whether the trial judge improperly commented on a witness's testimony to the prejudice of the defendant. The comments in question occurred during the defense's cross-examination of the defendant's friend, Doug Helbach, who had previously been convicted of the aggravated robbery with which the defendant was also charged. The following exchange occurred:

Q. In that statement you indicated that you robbed Kar Kwik and that you did it alone and that you drove the car.

A. I had indicated that.

Q. Was that true?

A. No.

Q. Well, tell us who assisted you then.

A. I cannot say that.

Q. Tell us if this defendant, Reynold Steggell, assisted you.

A. No sir. He did not.

The Court: You must understand that you have been sentenced.

The Witness: I understand that completely.

The Court: And under the law, there's really not a lot more I can do on it. I mean I can give you another thirty days or something like that, but on top of everything I have already given you, that's pretty minute. Do you understand this?

The Witness: Yes, sir.

The Court: But in fairness to you, you must understand that if that prosecutor wanted to, he could have your testimony typed out and sent to the Board of Pardons.

The Witness: Yes, I understand that.

The Court: By the time you come up before the Board of Pardons, I don't

---

1. Because of the seriousness of this criminal conviction, we note that, notwithstanding defendant's counsel's failure to direct our attention to the portions of the record relied on, we have in fact read the entire trial transcript. That review persuades us that none of the claimed errors would warrant reversal if treated on its merits: the tape recording was admitted without objection and the jury was adequately instructed regarding it; the prosecution was properly entitled to impeach its own witness pursuant to Rule 20 of the Utah Rules of Evidence; and, finally, the "accomplice instruction" complained of on appeal was not objected to, nor did the defense proffer any alternative instruction. Furthermore, there was other evidence which was more than adequate to support the defendant's conviction.

know who will be on it. Do you understand that?

The Witness: That's true.

The Court: So in fairness, I tell you this situation.

The Witness: Uh-huh.

The Court: Okay. All right.

The witness had previously testified during the trial that he was not happy about testifying. He had also been evasive and had repeatedly claimed loss of memory regarding the events of the robbery. In that context, the trial judge's comments were clearly directed to the responsiveness, or lack thereof, of the witness and not to the merits of any particular aspect of his testimony. Furthermore, the defendant failed to make any objection to the court's comments at that time or during the trial. He has raised the issue for the first time on appeal. In the absence of exceptional circumstances, this Court has long refused to review matters raised for the first time on appeal where no timely and proper objection was made in the trial court. *See, e.g., Franklin Financial v. New Empire Development Co.,* Utah, 659 P.2d 1040 (1983); *Schaer v. State,* Utah, 657 P.2d 1337 (1983); *State v. Winger,* 26 Utah 2d 118, 485 P.2d 1398 (1971). No exceptional circumstances exist in the present case.

The defendant's convictions are affirmed.

HALL, C.J., and STEWART and OAKS, JJ., concur.

HOWE, J., concurs in the result.