**STATE of Utah, Plaintiff and Respondent,**

v.

**Felix OLMOS, Defendant and Appellant.**

**No. 20671.**

Supreme Court of Utah.

Jan. 10, 1986.

David Grindstaff, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from an order of the district court dismissing his appeal from a judgment of the circuit court.

■ The record in this case is sparse, and defendant has failed to refer to pages of the record in support of his points on appeal. These deficiencies will normally require us to assume regularity in the proceedings and correctness in the judgment appealed from. *State v. Jones,* Utah, 657 P.2d 1263 (1982); *State v. Steggell,* Utah, 660 P.2d 252 (1983). Nevertheless, this appeal is defective for an even more basic reason: jurisdiction.

■ Defendant was convicted of a misdemeanor in circuit court and appealed to the district court. On October 26, 1984, defendant was given notice of various defects in appellate procedure. The district court ordered defendant to cure the defects within ten days or have his appeal dismissed with prejudice. On December 4, 1984, Judge Conder determined that defendant still had not complied with proper appellate procedure and dismissed the appeal. For some reason not apparent from the record, the case remained in district

court, and on February 25, 1985, Judge Wilkinson signed a notice stating that "if the appeal is not perfected by the 29th of March, 1985, then this notice shall serve as a dismissal of the appeal with prejudice by order of the Court." [1]  On April 1, 1985, by minute entry, Judge Wilkinson dismissed the case and remanded it to circuit court for disposition of sentence.  Also on April 1, 1985, Judge Fishler signed an order granting defendant a fourteen-day extension for filing a brief.  Thereafter, on April 22, 1985, Judge Wilkinson signed yet another order dismissing the appeal.

From the foregoing facts, it would appear that defendant's appeal was properly dismissed at the district court level.  However, we do not reach the merits of that decision in view of jurisdictional limitations on our review of cases which originate in circuit court.  We have consistently held that under U.C.A., 1953, § 78–3–5, decisions of the district court on appeal from circuit courts are final except in cases involving a constitutional issue.  *State v. Taylor*, Utah, 664 P.2d 439 (1983).

Before this Court, defendant urges that Judge Wilkinson's order of April 1, 1985, conflicted with the extension granted by Judge Fishler on the same date.  Defendant claims that the motion for extension was submitted on March 29, 1985, and that the entry of conflicting orders on April 1, 1985, was due to a mistake on the part of the court clerk.  In so claiming, defendant has not raised a constitutional issue.

The appeal to this Court is therefore dismissed.

STEWART, J., concurs in the result.

---

**1.**  The deficiencies noted included failure to file a transcript and failure to file a statement of points and authorities.  By its terms, the order appears to be self-executing.